Richardson, Ch. J.,
delivered the opinion of the court:
This case was referred to the court by the following resolution of the Senate:
“ In the Senate or the United States,
“January 26, 1885.
“ Resolved, That the claim of Robert Strachan, of Washington, District of Columbia, be referred, in accordance with the provisions of section 1059 of the Revised Statutes of the United States, to the Court of Claims of the United States, together with the vouchers, proofs, and papers pertaining thereto, to be heard and determined by said court.”
The claim thus referred is identified by a bill at that time pending before the Senate, a copy of which was transmitted to the court with said resolution, and is as follows (omitting the parts in italics in said bill, which the committee did not recommend) :
*485 “ A Bill for the relief of Robert Strachan.
“ Be it enacted, &c., That jurisdiction be, and the same is hereby, conferred upon the United States Court of Claims to hear, try, and determine, according to the rules and practice now in force in said court, any claim for damage which Robert Strachan may have against the District of Columbia by reason of the said District of Columbia, or its agents, servants, or employees, having changed the grade of New Hampshire avenue between Sixteenth and Seventeenth streets, in said District of Columbia.
“ Sec. 2. That the judgment rendered in said action, if any shall be rendered, shall be paid in the same manner as judgments are paid in said court as now provided by law.”
There were other papers sent with the reference, all of which showed claims against the District of Columbia.
The claimant has filed a petition against the District of Columbia, founded upon the claim set out in said bill.
The defendant moves to dismiss, on the ground that one house of Congress has no authority to refer to the court a claim against the District of Columbia.
The claimant relies upon the last clause of the first paragraph of section 1059 of the Revised Statutes, the whole of which paragraph is as follows:
“Sec. 1059. The Court of Claims shall have jurisdiction to hear and determine the following matters:
“ First. All claims founded upon any law of Congress, or upon any regulation of an executive department, or upon any contract, expressed or implied, with the government of the United States.
“And all claims which may be referred to it by either house of Congress.”
In our opinion that clause does not give to the separate houses of Congress the power to confer jurisdiction upon this Court of Claims against the District of Columbia. .
All the provisions of the organic act establishing this court, and of the Revised Statutes, show that the claims referred to therein are claims against the Uuited States. The first act, that of February 24, 1855, oh. 122 (10 Stat. L., 612), was entitled “An act to establish a court for the investigation of claims against the United States,” and all its provisions relate exclusively to such claims.
Take, for illustrations, the provisions as they now stand in *486 the Revised Statutes: Section 1061 provides for set-off, counterclaim, claim for damages, or other demand on the part of the government; section 1069 enacts that every elmrn against the United States, cognizable by the Court of Claims, shall be fore-ever barred, &c., unless the petition is presented, &c., within six years ,• section 1089 provides for payment of judgments of the court out of the public Treasury; section 1093 makes the judgment of this court a bar to any further claim or demand against the United States.
From these and other provisions it is clear that Congress was legislating only in relation to claims against the United States.
It is true that by the Constitution Congress has the exclusive power of legislation over the District of Columbia (Constitution, art. 1, sec. 8), but when it came to exercise that power in relation to claims against the District it passed a separate and distinct act (act of June 16,1880, ch. 243,1 Supplement to Rev. Stat., 262), in which the jurisdiction of this court on such claims was conferred, limited, and provided for in detail.
In our opinion one hoiise of Congress has no authority to refer to this court a claim against the District of Columbia.
The motion to dismiss is sustained.